IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 MAR -9 PM 1:04

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| MICHAEL CAVENDER and KENT KILLMER, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No.: **2-07CV-076** |
| ELECTRONIC DATA SYSTEMS CORPORATION, | § § § § | |
| Defendant | § § | |

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiffs Michael Cavender ("Cavender") and Kent Killmer ("Killmer") present a complaint against Defendant Electronic Data Systems Corporation ("EDS") based upon violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA").

### Parties

1.  Cavender is a U.S. citizen and a resident of Plano, Texas.

2.  Killmer is a U.S. citizen and a resident of Danville, California.

3.  EDS is a Delaware corporation with its principal place of business in Collin County, Texas.

## Service of Process

4. EDS may be served by serving its registered agent, The Prentice-Hall Corporation System, Inc., at its registered address 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

## Jurisdiction

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1337. This suit is authorized and instituted pursuant to the ADEA and pursuant to 28 U.S.C. §§ 2201 and 2202 for related declaratory relief.

6. Cavender and Killmer seek a declaratory judgment, injunctive relief, liquidated damages, compensatory damages, and other relief to secure their rights. EDS should be prevented from maintaining a policy, practice, custom or usage of discriminating against employees, including Cavender and Killmer, on the basis of age in regard to the terms, conditions, and privileges of employment in violation of the ADEA.

## Background Facts

7. Cavender's employment with EDS began in 1989; Killmer's employment began in 2002. Both were terminated effective May 22, 2006; both were over 40 years of age.

8. EDS terminated Cavender and Killmer's employment allegedly as a result of job elimination and lack of availability of other positions within the company.

9. Upon information and belief, Cavender and Killmer were placed on a termination list. EDS terminated their employment without the elimination of their major job functions.

10. Upon providing notice of the impending termination of employment, EDS encouraged Cavender and Killmer to apply for other positions within the company. EDS,

however, terminated Cavender and Killmer's employment intentionally disregarding their qualifications for other positions.

11. Although Cavender and Killmer applied for other positions for which they were qualified, EDS either arbitrarily refused to accept Cavender or Killmer for the positions or accepted younger, less qualified individuals for the positions.

## Causes of Action

12  All conditions precedent to the filing of this suit have been met. Cavender and Killmer timely filed a charge with the Equal Employment Opportunity Commission alleging age discrimination and have received notices of right to sue.

13. EDS employs more than 500 employees and is an employer as defined in the ADEA.

14. EDS violated the ADEA by treating Cavender and Killmer differently on the basis of their age. EDS, in a continuing course of conduct, treated Cavender and Killmer less favorably than younger workers including but not limited to those workers that are outside the protected class or that are younger than Cavender and Killmer.

16. EDS discharged Cavender and Killmer at least in part because of their age or as a part of a discriminatory reduction in force of a class of older employees

17. The age discrimination conduct was willful under the ADEA. EDS engaged in the conduct with knowledge or with reckless disregard to the protected statutory rights of its employees, including Cavender and Killmer, under the ADEA.

18  As a result of the violations, Cavender and Killmer have suffered compensatory damages, including back pay, interest on back pay, and front pay

19. Cavender and Killmer are entitled to reasonable attorneys' fees, expert fees, and equitable relief. The equitable relief is in the form of an injunction to prohibit EDS from engaging in unlawful employment practices, to reinstate Cavender and Killmer with back pay, and reporting on the manner of compliance with the court order.

20. Because EDS acted willfully or with reckless disregard to whether its conduct was prohibited by the ADEA, Cavender and Killmer are entitled to liquidated damages in addition to the compensatory damages.

21. Cavender and Killmer were required to retain the services of the undersigned attorneys to prosecute the cause. Cavender and Killmer are entitled to a reasonable amount for attorney's fees and expenses for all services rendered in this cause, including trials and appeals.

### Jury Demand

22. Cavender and Killmer demand a jury on all issues which may be tried by a jury.

WHEREFORE, Cavender and Killmer requests that they have judgment against EDS for compensatory and liquidated damages, attorneys' and expert fees, injunctive relief as alleged, interest as provided by law, costs of suit, and any further relief to which Cavender and Killmer may be entitled.

Respectfully submitted,

SHEILS WINNUBST
SANFORD & BETHUNE

BY: _____
BRIAN P. SANFORD
Texas Bar No. 17630700

1100 Atrium II
1701 N Collins Blvd.
Richardson, Texas 75080
(972) 644-8181
(972) 644-8180

**ATTORNEYS FOR PLAINTIFFS
MICHAEL CAVENDER
AND KENT KILLMER**